Green, J.
delivered the opinion of the court.
It is not necessary in order to the decision of this case, tó discuss all the principles advanced in the very lucid and able argument for the defendants, which has been submitted to the court. In England, by a legal fiction, a judgment relates back to the first day of the term, because the term is considered as but one day, and there is nothing of record to "show that a judgment has beenren? dered at a subsequent period to the day of the commencement of the term. In general, it is not permitted a party to aver that a judgment was signed after the first day of the .term, because the fact is not relevant. The legal consequences do not depend upon the truth of the fact on what day the judgment was completed. But where third persons are interested, and the truth of the fact thereby becomes relevant, and the legal consequen- *295 ees do depend upon it, the true day on which it was signed may be averred. 3 Barn, and Cress. 317: 3 Dane, 516. Fictions of law are used for the ends of justice; 4‘where-ever, therefore, a fiction of law works injustice, and the facts, which by fiction are supposed to exist, are inconsistent with the real facts, a court of law ought to look to the real facts.” For, as Lord Mansfield says, (2 Bur. 950,) “the court would not endure that a mere form or fiction of law, introduced for the sake of justice, should work a wrong contrary to the real truth and substance of the thing.” If, for the attainment of justice, the true day may be averred in opposition to the presumption that a judgment was entered on the first day of the term, why may not the true moment of the day be averred and proved in opposition to the presumption that the judgment was rendered the first moment of the day? There can be no reason why this may not be done. Although the law does not in general allow the fraction of a day, yet the authorities show that it is admissible where it is necessary to distinguish, to answer the real ends of justice. 7 Com. Dig. 398, and authorities there cited. The rule in England that the judgment relates to the first day of the term, does not apply here. Our acts of assembly have constituted a term of our courts as consisting of days.
By the act of 1809, ch. 49, sec. 20, it is provided, “that the minutes of the respective courts within this State, for each preceding -day of every session, shall be read in open court on the morning of the succeeding day, except on the last day of the term, when the minutes shall be read at the risé of the court, and shall be signed by the judge or judges presiding in said courts.”
By the act of 1817, ch. 48, this provision is made to apply expressly to the county courts. These acts divide the term of a court into days, and require that the record should furnish evidence of what was done on each particular day. The practice of the courts goes farther, *296 and |n the record of their proceedings shows that the court adjourned the preceding day to a particular hour of the succeeding one. Thus, not only making the day on which a particular judgment may be rendered certain, but rendering it also certain that until after a particular hour of the day, no.judgment could have been 'entered up. In England, in the absense of record evidence to the contrary, by a fiction of law, a judgment is supposed to have been signed on the first day; but if the record shows that such could not have been the fact, as if by an order of court, the cause had been continued to a particular day in the term, this fiction is repelled by record evidence to the contrary, and in such case the judgment does not relate to the first day of the term. So here; the records of the court contain evidence of the particular day on which a judgment is rendered, and does away the necessity for any fiction, by showing what the truth of the factis. In the case before the court, the" judgment, and the mortgage under which the defendant Carmack claims, are of the same date, the 28th Jan. 1825. In general, as has been said, the law does notallow of the fraction of a day, and the day of the date of the judgment would include the whole day. So also would the day of the date of Carmack’s deed. Coke’s Rep. 5, part 3. Here, therefore, for the ends of justice, the day may be divided, and either party might have proved that his lien was in fact first in point-of time. But the plaintiff below did not introduce any proof on the subject. Resting, as the case did, altogether on the daté of the judgment and of the deed, the circuit court was right in telling the jury that the titles being equal, they must find for the defendant. The deed is fair, was proved and registered in due time, and created a specific lien on the property in dispute, in opposition to the general lien created by the judgment, and there is no reason why the lien of the judgment should be considered superior. If the period of the rendition of the judgment, or the execution of the deed, had been proved to be in *297 point of time anterior to the other, that would have given the preference; but as there was no proof on that point, we think there is no error in the judgment, and order that it be affirmed. .
Judgment affirmed.